IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAMES HARRINGTON,

      *Plaintiff,*

vs.

PHH MORTGAGE CORPORATION,

      *Defendant.*

§
§
§
§
§
§
§
§
§
§
§
§
§
§

5:25-CV-01494-JKP-RBF

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason Pulliam:**

Before the Court is the status of the case. The District Judge referred the case for resolution of certain pretrial matters, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 4. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B) and the Court's authority to enforce its orders. For the reasons set forth below, the case should be **DIMISSED**.

Plaintiff originally filed this action in the 166th District Court of Bexar County, Texas, seeking to enjoin the foreclosure of his home and alleging a breach of contract relating to the mortgage. Dkt. No. 1-3 at 2-11. He sued PHH Mortgage Corporation, the mortgage loan servicer. *Id*. On November 14, 2025, PHH Mortgage Corporation removed the action to this Court on the basis of diversity jurisdiction. Dkt. No. 1.

Upon removal, the Clerk—on November 17, 2025—mailed a letter to Plaintiff's counsel advising her that she was not admitted to practice in this Court and would need to apply to appear *pro hac vice*. Dkt. No. 2.

On January 20, 2026, the Court set this matter for an Initial Pretrial Conference to be held on March 16, 2026. *See* Dkt. No. 5. The Court's Order therefore provided more than ample time for counsel to seek leave to appear *pro hac vice*. It also provided ample time for Plaintiff to obtain new counsel licensed to practice in this Court.

Ahead of the March 16 conference, Plaintiff's counsel did not respond to defense counsel's attempts to confer about the joint submission of a Rule 26(f) Report and Scheduling Recommendations as required by the Court's Order on January 20, 2026. Dkt. No. 5. Defense counsel instead submitted a Rule 26(f) Report and Scheduling Recommendations without input from Plaintiff. Dkt. Nos. 6 & 7. Plaintiff's counsel failed to respond to the letter from the Clerk's Office and did not apply for permission to appear *pro hac vice* ahead of the March 16 conference. Plaintiff's counsel then failed to appear at the conference without asking for a continuance, for leave, or otherwise explaining her absence.

Plaintiff's counsel does not appear to be monitoring or prosecuting the case, has failed to communicate and confer in good faith with defense counsel, and has neglected to seek admission *pro hac vice* in order to represent her client in this matter. She has also neglected to comply with a Court order requiring her attendance at a hearing. The case therefore warrants dismissal pursuant to Federal Rules of Civil Procedure 16(f) and 41(b) for failure to prosecute and failure to follow a court order. *See* Fed. R. Civ. P. 16(f) & 41(b).

If Plaintiff's counsel has an explanation for her actions, or if there is more to the story than is presently apparent from the docket, the Court is open to considering it. Thus, counsel may

raise such matters by first applying to appear *pro hac vice*. Next, counsel should request an extension of the 14-day deadline to file Objections by noting her pending *pro hac vice* application in a motion seeking to extend the Objection deadline that is filed before such deadline runs. Counsel can then note her explanation to the District Judge in timely filed Objections to this Report and Recommendation.

### Conclusion and Recommendation

For the reasons discussed above, it is recommended that this matter be **DISMISSED** in its entirety. *See* Fed. R. Civ. P. 16(f) & 41(b).

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985);

*Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

**SIGNED** this 16th day of March, 2026.

**RICHARD B.  FARRER**
**UNITED STATES MAGISTRATE JUDGE**

4