**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**JAMES HARRINGTON,**

   *Plaintiff,*

**v.**                                                              **Case No.  SA-25-CV-01494-JKP**

**PHH MORTGAGE CORPORATION,**

   *Defendant.*

## O R D E R

Before the Court is the Report and Recommendation of the assigned Magistrate Judge. *ECF No. 8*. Upon consideration, the Court concludes the Report and Recommendation is **ACCEPTED IN PART and REJECTED IN PART**. Instead of the recommended dismissal of this case, this Court sets this matter for a Show Cause hearing requiring in-person attendance of Plaintiff and Plaintiff's counsel, Celeste Ann Brown.

### Background

Plaintiff James Harrington filed this action in state court alleging a cause of action for breach of contract and seeking to enjoin the foreclosure of his home. *ECF No. 1-3 at pp. 2-11*. Harrington sued PHH Mortgage Corporation, the mortgage loan servicer. *Id*. On November 14, 2025, PHH Mortgage removed the action to this Court on the basis of diversity jurisdiction. *ECF No. 1*.

Upon removal, on November 17, 2025, the Clerk of Court mailed a letter to Harrington's counsel, Celeste Ann Brown, advising Ms. Brown that she was not admitted to practice in the Western District of Texas and would need to be admitted or apply to appear pro hac vice to con-

tinue representing Harrington in this matter. *ECF No. 2*. On January 20, 2026, the Court set this matter for an Initial Pretrial Conference to be held on March 16, 2026, to provide ample time for Ms. Brown to seek leave to appear pro hac vice. *ECF No. 5*. Ms. Brown failed to respond to defense counsel's attempts to confer about the joint submission of a Rule 26(f) Report and Scheduling Recommendations. *See ECF No. 5*. Defense counsel instead submitted a Rule 26(f) Report and Scheduling Recommendations without input from Ms. Brown. *ECF Nos. 6,7*.

Ms. Brown failed to respond to the letter from the Clerk's Office and did not apply for permission to appear pro hac vice ahead of the March 16 IPC hearing and failed to appear at the IPC hearing without asking for a continuance, for leave, or otherwise explaining her absence. Based upon this complete lack of response and failure to adequately represent her client, it appears Ms. Brown is not monitoring or actively litigating this case, has failed to communicate and confer in good faith with defense counsel, and has neglected to seek admission pro hac vice status as ordered by this Court. Ms. Brown also disregarded a Court order requiring her attendance at a hearing. *See ECF No. 8*.

Based upon this conduct, the Magistrate Judge issued a Report and Recommendation recommending this Court dismiss this case pursuant to Federal Rules of Civil Procedure 16(f) and 41(b) for failure to prosecute and failure to follow a court order. *ECF No. 8*. Ms. Brown did not respond or file objections on behalf of her client James Harrington.

Review of other cases in which Ms. Brown represents clients in this Western District of Texas reveals Ms. Brown employs the same disregard of the Court's requirement that she be admitted to practice or apply for pro hac vice status. *See Constancia v. MidFirst Bank*, 25-cv-01702-OLG; *Cervantes v. PHH Mortgage Corporation*, 22-cv-00259-JKP; *Delaney v. FCI*

*Lender Svcs.*, 26-cv-00920. More egregiously, Ms. Brown exhibits the same failure to monitor and litigate cases on behalf of her clients. *See id*.

In this matter, Ms. Brown has not provided any reasonable explanation or justification for her non-compliance or lack of action and has not informed the court of any circumstances excusing this failure. In light of this blatant disregard of Court Orders and of her responsibility to her client, the Court **SETS this matter for a hearing on Wednesday, April 22, 2026, at 1:30 p.m**. Plaintiff James Harrison and Plaintiff's counsel, Celeste Ann Brown are **ORDERED** to appear and show cause for failure to appear and failure to follow court orders following removal of this case from the state court.

Plaintiff James Harrison and Plaintiff's counsel, Celeste Ann Brown, must show cause why sanctions, including contempt of Court, should not be imposed for failure to prosecute this action and failure to comply with the Federal Rules of Civil Procedure and this Court's Local Rules. Plaintiff James Harrison is ordered to appear personally to ensure he is aware of the status of this case, aware of counsel's actions, and aware of the potential consequences of continued noncompliance which include dismissal of this action. Ms. Brown is cautioned that failure to appear will result in monetary sanctions and the Court will report her conduct to the appropriate state bar disciplinary authorities.

The Clerk of Court shall mail a copy of this Order by certified mail with return receipt requested to Plaintiff James Harrison at 11606 Barrow, San Antonio, Texas 78253.

The Clerk of Court shall mail a copy of this Order by certified mail with return receipt requested to Celeste Ann Brown at: (1) Law Offices of Celeste A. Brown, 111 Soledad, Suite 300, San Antonio, TX 78205 and (2) PO Box 790272, San Antonio, TX 78279.

Defendant and Defendant's counsel may appear at the hearing by Zoom link. All those present must be announced and within view. Any recording of the proceeding by any means is prohibited. To receive the Zoom link, Defendant's counsel shall contact Magda Muzza, the Courtroom Deputy. Ms. Muzza can be reached at (210) 244-5021 or Magda_Muzza@txwd.uscourts.gov.

The hearing will be held in Courtroom B on the second floor of the San Antonio Federal Courthouse. The hearing will be recorded by a Court Reporter.

It is so ORDERED.
SIGNED this 14th day of April, 2026.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

4